UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOUGLAS GUILE #429156,

        Plaintiff,

v.

TYLER SPENCE, et al.,

        Defendant.

_____/

Case No. 2:19-cv-00138

Hon. Robert J. Jonker
U.S. District Judge

## REPORT AND RECOMMENDATION

### I.   Introduction

State prisoner Douglas Guile filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 2, 2019. (ECF No. 1.) Guile's claims are based on events at Chippewa Correctional Facility (URF). Guile says he was "tased" by Corrections Officer (CO) Rolison at the order of CO Spence. Guile claims these actions constituted excessive force in violation of his rights under the Eighth Amendment. The Defendants in the case are COs Spence and Rolison.[1]

This report and recommendation (R&R) addresses CO Spence's motion for summary judgment based on Guile's failure to exhaust his administrative remedies.

---

[1] In a screening opinion and order, the Court dismissed all of Guile's claims against six other defendants. (ECF No. 4, PageID.59-74.)

(ECF No. 24.) In response, Guile generally argues that he has properly exhausted his claim against Spence. (ECF No. 26.)

As will be explained below, the undersigned concludes that there is a genuine issue of fact as to whether Guile properly exhausted his claim against Defendants Spence.

## II.     Additional Relevant Procedural History

Guile filed his verified complaint on September 2, 2019. (ECF No. 1.) On September 12, 2019, the Court issued a screening opinion and order that dismissed six of the eight original defendants for failure to state a claim. (ECF Nos. 4, 5.) The Court also dismissed all claims against the remaining Defendants except for two Eighth Amendment excessive-force claims. (*Id*.) This case was then referred to Prisoner Early Mediation, but it failed to settle. (ECF No. 9, 10, 13.)

## III.    Summary of Plaintiff's Allegations

Guile's two claims revolve around an incident that took place on June 20, 2018. Guile was playing cards when he was attacked by another prisoner and brought to the ground. (ECF No. 1, PageID.4.) While attempting to defend himself, Guile covered his face and used his legs as a shield against his attacker. (*Id*.) Defendants responded to the incident and arrived at the scene. (*Id*.) Guile then alleges that his attacker was about five to six feet away when CO Spence ordered CO Rolison to tase Guile. (*Id*.) Guile alleges that he was not a threat at the time of the order because he was "laying halfway on his side and halfway on his back." (*Id*.) After CO Spence's order, CO Rolison proceeded to tase Guile. (*Id*., PageID.3-4.)

Based on these facts, Guile has alleged excessive-force claims against Defendants. (ECF No. 4, PageID.59-74.)

## IV. Summary of Grievances Filed by Guile and Pursued Through Step III

The parties agree that there is one relevant grievance in this matter: grievance **URF-18-06-1770-26A**. (ECF No. 25-3, PageID.169-173.) At Step I, Guile complained that, on June 20, 2018, CO Spence instructed an "unknown officer" to tase Guile while he was vulnerable on the ground. (*Id.*, PageID.172.) The Step I grievance was denied on the merits after the MDOC investigated the incident, which included an interview of the unknown officer. (*Id.*, PageID.173.) Guile appealed the grievance to Steps II and III. (*Id.*, PageID.169-173.) The MDOC denied both appeals on the merits. (*Id.*)

## V. Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury[2] or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421

---

[2] Disputed issues of fact regarding exhaustion under the PLRA may be decided in a bench trial and need not be submitted to a jury. *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015).

3

F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### VI. Exhaustion of Administrative Remedies

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-16 (2007). "[W]here the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *Porter*

4

*v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones*, 549 U.S. at 218-19; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). In rare circumstances, an administrative remedy will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance [or other administrative] process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. ___, 136 S.Ct. 1850, 1859-60 (2016).

"Beyond doubt, Congress enacted [Section] 1997e(a) to reduce the quantity and improve the quality of prisoner suits." *Porter*, 534 U.S. at 524. In the Court's view, this objective was achieved in three ways. First, the exhaustion requirement "afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id.* at 525. Second, "the internal review might 'filter out some frivolous claims.'" *Id.* (quoting *Booth*, 532 U.S. at 737*).* And third, "adjudication could be facilitated by an administrative record that

5

clarifies the contours of the controversy." *Id*. When institutions are provided adequate notice as required under the PLRA, the opportunity to address the claims internally furthers the additional goals of limiting judicial interference with prison administration. *Baker v. Vanderark*, 2007 U.S. Dist. LEXIS 81101 at *12.

The most common procedure through which a prisoner in MDOC custody exhausts his administrative remedies is the grievance procedure set forth in Michigan Dept. of Corrections (MDOC) Policy Directive 03.02.130 (effective on July 9, 2007, superseded on March 18, 2019. Where grievance procedures are not available because the issue presented is non-grievable, exhaustion of prison grievance procedures is not required. It is well-established that a prisoner "cannot be required to exhaust administrative remedies regarding non-grievable issues." *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004). However, where other administrative remedies are available, the prisoner is required to exhaust those available remedies prior to filing a federal lawsuit.

When prison officials waive enforcement of these procedural rules and instead consider a non-exhausted claim on its merits, a prisoner's failure to comply with those rules will not bar that prisoner's subsequent federal lawsuit. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010). The Sixth Circuit has explained:

> [A] prisoner ordinarily does not comply with MDOCPD 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom he seeks relief. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying *all* relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by intentionally

6

> defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation process."). An exception to this rule is that prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits. *See id.* at 325. We have also explained that the purpose of the PLRA's exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits to correct prison errors that can and should be corrected to create an administrative record for those disputes that eventually end up in court." *Id.* at 324.

*Mattox v. Edelman*, 851 F.3d 583, 590-91 (6th Cir. 2017).[3]

## VII. Analysis

Defendants concede the excessive-force claim against CO Rolison. (ECF No. 25, PageID.140.) CO Spence is the only defendant specifically named during the grievance process. (ECF No. 25-3, PageID.169-173.) Defendants contend that Guile's claim against CO Spence was not properly exhausted for two reasons. First, Defendants argue that Guile failed to state at Step I how he attempted to resolve his issue with CO Spence before filing his grievance at Step I. (ECF No. 25, PageID.139-140.) Second, the MDOC's merit-based decisions only applied to CO Rolison (the "unknown officer") and not the named Defendant, CO Spence. (*Id.*; ECF No. 25-3, PageID.172.) Neither of Defendants' arguments is well taken.

As to the first argument, there is no dispute that the MDOC denied grievance **URF-18-06-1770-26A** on the merits at Steps I, II, and III. (ECF No. 25-3, PageID.169-173.) Indeed, Defendants recognize that the "MDOC reviewed the video

---

[3] In *Mattox*, the Sixth Circuit held that a prisoner may only exhaust a claim "where he notifies the relevant prison . . . staff" regarding the specific factual claim "giving the prison staff a fair chance to remedy a prisoner's complaints." *Id.* at 596. For example, grieving a doctor about his failure to give cardiac catheterization failed to grieve the claim that the doctor erred by not prescribing Ranexa.

7

of the incident and rendered a decision on the merits." (ECF No. 25, PageID.139-140.) Prison officials waive the enforcement of procedural rules when the prison officials address a grievance on the merits. *Reed-Bey*, 603 F.3d at 325. At its core, Defendants ask the Court to enforce a procedural rule when the MDOC chose not to.[4] The prison policy states, "Prior to submitting a written grievance, the grievant shall attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances." (ECF No. 25-2, PageID.148 (MDOC PD 03.02.130 ¶ P).) That policy provision is a procedural requirement designed to resolve and issue before the filing of a grievance. (*See id.* ("If the issue is not resolved, the grievant may file a Step I grievance").) Because the MDOC addressed Guile's grievance on the merits, the undersigned concludes that there is a genuine issue of fact as to whether Guile's claim is properly exhausted.

As to the second argument, it is unsupported by the record. Guile's allegations are that CO Rolison tased Guile, while Guile was vulnerable on the ground, because

---

[4] In support of Defendants argument, they point to *Cook v. Caruso*, 531 F. App'x 554, 562-63 (6th Cir. 2013) (citing *Reed-Bey*, 603 F.3d at 325) for the proposition that the MDOC must render a merits-based decision at each step of the grievance process. (ECF No. 25, PageID.138.) Essentially, Defendants contend that the requirement for prisoners to speak with Defendants before filing a grievance is a fourth step in the grievance process. It is not. *Cook* is better understood as rejecting the argument that "[s]imply mentioning that the prison reviewed the record" at Step III transforms an earlier step I procedural rejection into a merits decision. *Cook*, 531 Fed. App'x at 563. Moreover, this case is distinguishable from *Cook*. In *Cook*, the prison rejected the prisoner's grievance at Steps I, II, and III because of procedural failures. *Id.* at 563. Here, the MDOC denied Guile's grievance on the merits at Steps step I, II, and III. (ECF No. 25-3, PageID.169-173.) Ultimately, Defendants' argument is legally unsupported.

CO Spence ordered it. (ECF No. 25-3, PageID.172.) Essentially, the allegation against CO Spence is inextricably linked to the allegation against CO Rolison. An investigation into whether CO Rolison misused his taser would, therefore, address both the allegations against CO Rolison and CO Spence. As shown below in the excerpt of the MDOC's Step I response, the MDOC did investigate whether CO Rolison inappropriately tased Guile. (ECF No. 25-3, PageID.173.)

## STEP I GRIEVANCE RESPONSE SUPPLEMENTAL FORM

| | | | | |
|---|---|---|---|---|
| Grievance #: | URF-18-06-1770-26A | Prisoner Interviewed: | YES ☒ NO ☐ | IF NO GIVE REASON: |
| Prisoner Name: | Guile | | | |
| Prisoner #: | 429156 | | | |
| Lock/Location: | -305 | Extension Granted: YES ☐ NO ☐ | | If "YES" end date: |

**COMPLAINT SUMMARY:**
Briefly summarize singular issue for which prisoner is requesting relief. If no relief sought, multiple issues/reliefs requested, evidence exists prisoner did not attempt to resolve, or if a duplicate or untimely, return to GC w/ reasons for rejection.
Prisoner Guile claims he was wrongfully tased with an ECD and received misconduct for fight when he was really a victim of an assault.

**INVESTIGATION SUMMARY:**
Briefly summarize investigation and findings including all documents reviewed. If an interview(s) conducted, enter dates/names/findings in this section.
Prisoner Guiles was interviewed and stated that he was wrongfully tased with and ECd and had been placed in Segeration wrongfully. Video was reviewed from the ECd deployed that day and facility video. The officer who deployed his ECD was also interviewed. The officer who deployed his ECD stated his perception was that prisoner Guile was attempting to get back to his feet to go after the other prisoner.

**APPLICABLE POLICY, PROCEDURE, ETC.:**
Enter relevant PD/OP number and name or Guideline/Protol reference; use paragraph reference when possible. Do Not cut/paste large sections of text.
PD 04.05.110 paragraph D, E, F,G, S, T
O.P paragraph Q

**DECISION SUMMARY:**
Summarize decision based on investigation/findings. Do not copy/paste large sections of PD/OP. Bring to a conclusion to support partially resolved, resolved, or denied finding. Use the pronoun "you" to personalize to prisoner.
Based on the infromation gathered from the investigation it was concluded that prisoner Guile was not wrongfully tased but the officer perception was that prisoner Guile was attempting to get back to his feet to go after the other prisoner that had just assaulted him. Prisoner Guiles was not found guilty of fight misconduct and was release from segergation after the investigation of the misconduct. Found there was no violation in policy or procedure staff acted appropriately based on the evidence gathered.

| As reported on CSJ-247A Step I Prisoner/Parolee Grievance Form: | RESOLVED: ☐ | PARTIALLY RESOLVED: ☐ | DENIED: ☐ |
|---|---|---|---|
| RESPONDENT NAME: Sgt. Koskela | | TITLE: CSS-11 | |
| RESPONDENT SIGNATURE: | | DATE: 7/7/18 | |
| REVIEWER NAME: Lt. Watson | | TITLE: CSS-12 | |
| REVIEWER SIGNATURE: | | DATE: 7/7/18 | |

Distribution: Original - Step I Grievance Coordinator    Copies: 2 To Grievant

(*Id.*)

Accordingly, the undersigned also concludes there is a genuine issue as to whether the MDOC addressed Guile's allegations against CO Spence.

## VIII. Recommendation

The undersigned respectfully recommends that this Court deny Defendant's motion. If the Court accepts this recommendation, the Eighth Amendment excessive-force claims against COs Rolison and Spence will remain.


Dated: April 5, 2021          /s/ *Maarten Vermaat*
         MAARTEN VERMAAT
         U. S. MAGISTRATE JUDGE


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).